Valentina TRAVNIKOVA; Alexander Patyk, Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–72742.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided June 22, 2005.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Valtentina Travnikova and her husband, Alexander Patyk, petition for review of a decision of the Board of Immigration Appeals ("BIA"), summarily affirming the immigration judge's ("IJ") denial of their motion to reopen. Petitioners moved to reopen on the basis of ineffective assistance of counsel. We have jurisdiction under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1105a (1996), as amended by IIRIRA § 309(c)(4), and we deny the petition.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Petitioners are natives and citizens of Ukraine who were subject to deportation proceedings for failing to depart the United States after being admitted as nonimmigrant visitors. The IJ granted voluntary departure in lieu of deportation on March 5, 1997. Petitioners, having waived their appeal, had 90 days from that date in which to file a motion to reopen. *See* 8 C.F.R. § 3.2(c)(2) (1996). Petitioners missed the deadline by a wide margin, filing their motion to reopen on March 25, 2002.

Petitioners seek equitable tolling of the deadline. The deadline on a motion to reopen may be equitably tolled by a former representative's deception, fraud, or error, but the deadline is tolled only until the date the alien first discovers the ineffectiveness, after which the time period begins to run. *See Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir.2003). Thus, at the very least, Petitioners must establish that undiscovered ineffective assistance prevented them from filing their motion until 90 days prior to March 25, 2002.

Petitioners fail to do so. They allege a series of ineffective attorneys—only some of whom are identified—and an unscrupulous immigration consultant. These allegations, however, do not form a continuous sequence in which each subsequent ineffective representation prevented Petitioners from addressing the prior ineffective representation, all the way until the 90–day period prior to the filing of their motion.

Even if Petitioners had provided a coherent account to this effect, the various allegations of ineffectiveness would still be procedurally deficient. Only with regard to the alleged ineffectiveness of their original counsel, which had been discovered in 1997, did Petitioners attempt to fulfill the procedural requirements prescribed by *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). This lone attempt was itself inadequate, as Petitioners failed to give their original counsel a meaningful opportunity to respond to their allegations.

Petition for review DENIED.